IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ANTOINE FOWLER, 10664569,

    Plaintiff(s),

vs.

SGT. GOMEZ, et al.,

    Defendant(s).

No. C 10-3696 CRB (PR)

ORDER OF DISMISSAL WITH LEAVE TO AMEND

Plaintiff, a prisoner at the San Francisco County Jail, has filed a pro se civil rights complaint for damages under 42 U.S.C. § 1983 alleging that jail deputies subjected him to cruel and unusual punishment when they cuffed and placed him in a restraining cell for over an hour and he urinated on himself.

**DISCUSSION**

A.    Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b). Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Legal Claims

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind. Farmer v. Brennan, 511 U.S. 825, 834 (1994).[1] In prison-conditions cases such as the instant case, the necessary state of mind is one of deliberate indifference. See id. (inmate safety); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (inmate health). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. Farmer, 511 U.S. at 837.

Plaintiff's placement on the floor of a restraining cell for just over an hour while deputies searched his cell did not in of itself amount to a deprivation sufficiently serious to satisfy the objective component of an Eight Amendment claim. Cf. Anderson v. County of Kern, 45 F.3d 1310, 1314-15 (9th Cir.) (temporary placement in safety cell did not constitute infliction of pain), amended, 75 F.3d 448 (9th Cir. 1995). But his being left there in his own urine is a different story. Still, in order to state an Eighth Amendment claim plaintiff must also satisfy the subjective component by alleging that a prison official was deliberately indifferent because the prison official knew that plaintiff had

---

[1] Although a pretrial detainee's claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees).

2

urinated on himself and yet left him on the cell floor in his urine for over an hour. Plaintiff makes no such allegation; but he will be afforded an opportunity to do so, if possible.

**CONCLUSION**

For the foregoing reasons, the complaint is dismissed with leave to amend, as indicated above, within 30 days of this order. The pleading must be simple and concise and must include the caption and civil case number used in this order and the words FIRST AMENDED COMPLAINT on the first page. Failure to file a proper amended complaint within the designated time will result in the dismissal of this action.

Plaintiff is advised that the amended complaint will supersede the original complaint and all other pleadings. Claims and defendants not included in the amended complaint will not be considered by the court. See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

SO ORDERED.

DATED: Feb. 23, 2011

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.10\Fowler, A1.dwlta.wpd

3