1
2
3
4
5
6                    IN THE UNITED STATES DISTRICT COURT
7                   FOR THE NORTHERN DISTRICT OF CALIFORNIA
8
9    ANTOINE FOWLER, 10664569,              )
                                            )
10              Plaintiff(s),               )    No. C 10-3696 CRB (PR)
                                            )
11        vs.                               )    ORDER OF SERVICE
                                            )
12   SGT. GOMEZ, et al.,                    )    (Docket # 8)
                                            )
13              Defendant(s).               )
     ─────────────────────────────         )
14

15         Plaintiff, a prisoner at the San Francisco County Jail (SFCJ), has filed a

16   pro se First Amended Complaint (FAC) for damages under 42 U.S.C. § 1983

17   alleging that Sgt. Gomez subjected him to cruel and unusual punishment when

18   Gomez ordered deputies to cuff and place plaintiff in a restraining cell for over an

19   hour while they searched plaintiff's cell, and directed deputies to disregard

20   plaintiff's pleas to use the bathroom until they finished searching plaintiff's cell.

21   According to plaintiff, this resulted in his urinating on himself while still cuffed

22   and being left in urinated clothes for an hour.

23         Plaintiff also seeks appointment of counsel.

                                **DISCUSSION**

25   A.    Standard of Review

26         Federal courts must engage in a preliminary screening of cases in which

27   prisoners seek redress from a governmental entity or officer or employee of a

28   governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." Id. § 1915A(b).  Pro se pleadings must be liberally construed, however. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).

B.     Legal Claims

A prison official violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged must be, objectively, sufficiently serious, and (2) the prison official possesses a sufficiently culpable state of mind.  Farmer v. Brennan, 511 U.S. 825, 834 (1994).[1]  In prison-conditions cases such as the instant case, the necessary state of mind is one of deliberate indifference.  See id. (inmate safety); Estelle v. Gamble, 429 U.S. 97, 104 (1976) (inmate health).  A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it.  Farmer, 511 U.S. at 837.

Liberally construed, plaintiff's allegations that Sgt. Gomez's direction to the deputies to disregard plaintiff's pleas to use the bathroom until they finished searching plaintiff's cell resulted in plaintiff urinating on himself while still cuffed and being left in urinated clothes for an hour appears to state a cognizable

---

[1]Although a pretrial detainee's claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims.  See Carnell v. Grimm, 74 F.3d 977, 979 (9th Cir. 1996) (8th Amendment guarantees provide minimum standard of care for pretrial detainees).

2

§ 1983 claim for deliberate indifference against Sgt. Gomez.   All other defendants are dismissed.

C.     Motion for Appointment of Counsel

Plaintiff's motion for appointment of counsel (docket # 8) is DENIED for lack of exceptional circumstances.  See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.     The clerk shall issue summons and the United States Marshal shall serve, without prepayment of fees, copies of the FAC in this matter, all attachments thereto, and copies of this order on SFCJ Sgt. Gomez at Sheriff's Department, City Hall, Room 456, 1 Dr. Carlton B. Goodlett Place, San Francisco, CA 94102.   The clerk also shall serve a copy of this order on plaintiff.

2.     In order to expedite the resolution of this case, the court orders as follows:

a.     No later than 90 days from the date of this order, defendant shall file a motion for summary judgment or other dispositive motion.  A motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56, and shall include as exhibits all records and incident reports stemming from the events at issue.  If defendant is of the opinion that this case cannot be resolved by summary judgment or other dispositive motion, he shall so inform the court prior to the date his motion is due.  All papers filed with the court shall be served promptly on plaintiff.

b.     Plaintiff's opposition to the dispositive motion shall be filed with the court and served upon defendant no later than 30 days after defendant

serves plaintiff with the motion.

c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.  Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted, your case will be dismissed and there will be no trial.  Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc) (App A).

Plaintiff is also advised that a motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice.  You must "develop a record" and present it in your opposition in order to dispute any "factual record" presented by the defendants in their motion to dismiss.  Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

d.     Defendant shall file a reply brief within 15 days of the date on which plaintiff serves him with the opposition.

4

1          e.       The motion shall be deemed submitted as of the date the

2  reply brief is due.  No hearing will be held on the motion unless the court so

3  orders at a later date.

4          3.       Discovery may be taken in accordance with the Federal Rules of

5  Civil Procedure.  No further court order is required before the parties may

6  conduct discovery.

7          4.       All communications by plaintiff with the court must be served on

8  defendant, or defendant's counsel once counsel has been designated, by mailing a

9  true copy of the document to defendants or defendant's counsel.

10          5.       It is plaintiff's responsibility to prosecute this case.  Plaintiff must

11  keep the court and all parties informed of any change of address and must comply

12  with the court's orders in a timely fashion.  Failure to do so may result in the

13  dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b).

14  SO ORDERED.

15  DATED:  May 19, 2011

16                         CHARLES R. BREYER
                             United States District Judge

G:\PRO-SE\CRB\CR.10\Fowler, A1.serve.wpd

5